IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00054-RLV
(5:05-CR-00009-RLV-DCK-9)

| | |
|---|---|
| AL ANTONIO BELLAMY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 Motion will be DISMISSED.

## I. BACKGROUND

On September 9, 2008, Petitioner was convicted on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, and possession with intent to distribute marijuana, all in violation of 21 U.S.C. § 846. Petitioner was sentenced to an active term of 405-months' imprisonment. (5:05-CR-00009, Doc. No. 1049: Judgment in a Criminal Case).

Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit and raised two claims: (1) whether the district court's application of the murder cross-reference violated his rights under the Sixth Amendment; and (2) whether the district court committed an abuse of discretion in varying one-level upward from the guidelines range. The Fourth Circuit rejected both claims and affirmed Petitioner's Judgment in all respects. United States v. Bellamy,

1

356 F. App'x 653 (4th Cir. Dec. 15, 2009) (unpublished). Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

On April 1, 2013, the Clerk of Court filed the present Section 2255 motion. (5:13-CV-00054).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After examining the motion the Court finds that it must be dismissed.

## III. DISCUSSION

Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings provides that a motion filed under Section 2255 must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." According to the record before this Court, Petitioner did not sign his Section 2255 motion because he is in a Special Housing Unit within the Federal Bureau of Prisons. Instead, it appears a fellow inmate signed the Section 2255 motion and submitted it to the Court on his behalf "to preserve its timeliness." (5:13-CV-00054, Doc. No. 1 at 13). There is no indication in the record that the signatory on this Section 2255 motion, whose name is largely illegible, is an attorney or otherwise authorized by law to sign on Petitioner's behalf. This alone supports summary dismissal of Petitioner's Section 2255 motion. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.") (citing 28 U.S.C. § 2254 Rule 4).

2

However, in an effort to preserve scarce judicial resources the Court will examine the merits of the motion rather than provide Petitioner with an opportunity to properly sign and submit his Section 2255 motion. Moreover, it is unclear from the record whether Petitioner participated in the shaping of the arguments in his motion prior to his transport to the Special Housing Unit. In any event, the Court finds that requiring proper verification would be futile, first, because each of the claims in Petitioner's motion fall well outside the statute of limitations and second, because he presents no claim which could support the extraordinary remedy of equitable tolling of the statute of limitations.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on or about March 15, 2010, when he did not petition the Supreme Court for certiorari following dismissal of his direct appeal. See Clay v. United States,

537 U.S. 522, 525 (2003).

Petitioner raises four claims for relief: (1) prosecutorial misconduct; (2) ineffective assistance of counsel in failing to adequately challenge the murder cross-reference; (3) ineffective assistance of counsel relating to his decision to enter a guilty plea without benefit of a plea agreement; and (4) that the Court should reach these claims on the ground of equitable tolling.

A.  Ground One

Petitioner contends the prosecutor withheld over 1700 pages of discovery which he argues would have assisted him in his defense. Under the one-year statute of limitations under Section 2255(f)(1), Petitioner must have filed his Section 2255 motion on or about March 15, 2011, or within one year after his Judgment became final. Petitioner's motion, filed no earlier than March 20, 2013, the date it was presumably delivered to prison authorities for mailing, is therefore over two-years out of time.

Assuming Petitioner contends his motion is timely under either § 2255(f)(2) or (f)(4), Petitioner offers no facts concerning when he learned of the prosecutor's alleged actions in withholding discovery, and this Court is not prepared to presume this discovery occurred within the last year as it is Petitioner's burden to prove he is entitled to relief in a Section 2255 proceeding. This claim for relief is dismissed as untimely.

B.  Ground Two

Petitioner contends that his counsel failed to present an adequate challenge to the application of the murder cross-reference, while at the same time admitting that his counsel did, in fact, raise a challenge prior to sentencing which the Court rejected. In addition, the Fourth

Circuit considered and rejected this argument on appeal. This alone should preclude relief. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (finding that in a Section 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" and decided on direct appeal.); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the law of the case doctrine "forecloses litigation of issues expressly or impliedly decided by the appellate court.").

To the extent Petitioner offers this argument as a pure ineffective assistance of counsel claim, it is untimely under any provision of Section 2255(f) because he has offered no reasonable explanation why he could not have raised this claim before March 15, 2011, and it will therefore be dismissed.

C.  Ground Three

Here, Petitioner contends that his trial counsel was ineffective during his negotiations with the Government and that the action or omission or his counsel ultimately deprived Petitioner of a meaningful, written plea agreement. This argument is based on recent Supreme Court cases discussing the nature of an attorney's responsibility to his client during plea negotiations. On March 21, 2012, the Supreme Court handed down decisions in Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012). Although he does not fairly articulate this argument, Petitioner must contend that his Section 2255 motion, which was apparently delivered to prison authorities on March 20, 2012, is timely under Section 2255(f)(3). This argument must fail because even assuming the motion was timely under Section 2255(f)(3), there is no indication that the Supreme Court has made the decisions in either Frye or Lafler retroactive to cases on collateral review. In fact the many courts which considered the issue of

5

retroactivity have held that the decisions in Frye and Lafler are not retroactive to cases on collateral review because the Supreme Court, through these cases, did not announce a new rule of constitutional law. See, e.g., In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam opinion agreeing with the holding in the Eleventh Circuit's opinion in the case of In re Perez). Petitioner's claim for relief will be dismissed as untimely.

D.  Ground Four

Finally, for the reasons stated herein, Petitioner cannot make a showing that he is entitled to equitable tolling. He has completely failed to allege facts which could alert this Court to any reason why his claims could not have been raised at the trial level, on appeal, or within the one-year time frame provided for under Section 2255(f)(1)-(4).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that for the reasons stated herein Petitioner's Section 2255 Motion is **DISMISSED** as untimely (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a

debatably valid claim of the denial of a constitutional right).

Signed: April 4, 2013

Richard L. Voorhees
United States District Judge